PROB 12C
(7/93)

# United States District Court
for the
# District of Alaska
Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Isaac Felder　　　　　　　　Case Number: A04-0079-02-CR (RRB)

Sentencing Judicial Officer:　　Ralph R. Beistline, U.S. District Court Judge

Date of Original Sentence:　　May 27, 2005

Original Offense:　　Attempt to Possess With Intent to Distribute Cocaine

Original Sentence:　　10 months imprisonment, 3 years supervised release

Date Supervision Commenced:　　June 6, 2005

Asst. U.S. Attorney: Stephan Collins　　　　　Defense Attorney: Wonnell, T.

## PETITIONING THE COURT

[X]　To issue a warrant
[ ]　To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | The defendant has violated the Special Condition of Supervision "The defendant shall reside at a community corrections center (i.e. the Cordova Center) for a period of 120 days and shall abide by the rules and regulations of the Cordova Center. The defendant shall be eligible for work release and other releases if allowed by the rules of the Cordova Center and pre-approved by a U.S. Probation Officer," in that on or about December 4, 2006, the defendant was discharged from the Cordova Center for failure to pay required subsistence payment. This violation is a Grade C violation. |
| 2 | The defendant has violated the Special Condition of Supervision "The defendant shall participate in the home confinement program during non-working hours for a four-month consecutive period commencing upon instruction of his probation officer, and shall abide by all the assigned components of the program, which will include electronic monitoring or other location verification system. The defendant shall pay for the cost of electronic monitoring or other location verification system," in that as of December 4, 2006, the defendant has failed to pay in full the cost of the electronic monitoring program which he completed on August 7, 2006. This violation is a Grade C violation. |

-1-

*Petition for Warrant or Summons*
*Name of Offender        :   Isaac Felder*
*Case Number             :   A04-0079-02-CR (RRB)*

U.S. Probation Officer Recommendation:

    The term of supervised release should be:

        [X]    Revoked
        [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

                                                          Respectfully submitted,

                                                        **REDACTED SIGNATURE**

                                                        Beth A. Mader
                                                        U.S. Probation/Pretrial Services Officer
                                                        Date: December 4, 2006

Approved by:

**REDACTED SIGNATURE**
Eric D. Odegard
Supervising U.S. Probation Officer


THE COURT ORDERS

[X]    *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]    The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]    Other:

-2-

*Petition for Warrant or Summons*
- Name of Offender    :    Isaac Felder
  Case Number         :    A04-0079-02-CR (RRB)

**REDACTED SIGNATURE**

Ralph R. Beistline
U.S. District Court Judge

12/3/06

Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

-3-

# United States District Court
### for the
## DISTRICT OF ALASKA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case Number: A04-0079-020-CR (RRB) |
| vs. ) | DECLARATION IN SUPPORT OF PETITION |
| Isaac Felder ) | |

I, Beth Mader, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Isaac Felder, and in that capacity declare as follows:

On May 27, 2005, the defendant was sentenced to 10 months imprisonment with 3 years supervised release. The defendant's term of supervision began on June 6, 2005.

On August 2, 2005, the defendant drove to the U.S. Probation Office for an office visit. The defendant had a strong odor of alcohol on his person, at which time the Anchorage Police Department (APD) was notified and through field sobriety tests performed on the defendant by APD, the defendant was found to be intoxicated and arrested for Driving Under the Influence.

On December 14, 2005, the defendant signed an admission form to the use of marijuana on December 11, 2005.

On January 10, 2006, the defendant completed a substance abuse assessment with Salvation Army Clitheroe Center and was recommended for intensive outpatient treatment.

January 17, 2006, the defendant plead No Contest to Reckless Driving and was found Guilty of this offense. The defendant was directed to pay $3000.00 with $1500.00 suspended with 90 days in jail with 87 days suspended.

On January 18, 2006, the defendant signed an admission form to the use of marijuana on January 15, 2006.

On January 18, 2006, a report on offender on supervised release alleging a violation of the mandatory condition of supervision, "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," alleging use of marijuana on December 11, 2005, and January 15, 2006. At this time, a recommendation was made by the probation office to allow the defendant to be able to continue with his treatment in accordance to the counselor's recommendations and no further action was requested at this time. The Honorable Judge Beistline, U.S. District Court Judge approved the officer's proposed action.

On January 27, 2006, February 14, 2006, and March 19, 2006, the defendant tested positive for the use of marijuana. The defendant also missed a number of substance abuse treatment appointments with Salvation Army Clitheroe Center.

On April 14, 2006, the defendant agreed to a modification of conditions or term of supervised release to the condition of, "The defendant shall participate in the home confinement program during non-working hours for a four month consecutive period commencing upon instruction of his probation officer, and shall abide by all the assigned components of the program, which will include electronic monitoring or other location verification system. The defendant shall pay for the cost of electronic monitoring or other location verification system."

On May 3, 2006, the defendant signed the home confinement program participation agreement along with the notice of financial responsibility form.

On September 14, 2006, due to prior violations along with the defendant having multiple infractions on his electronic monitoring conditions and being delinquent on his payment for the electronic monitoring program, the defendant agreed to a modification of conditions or term of supervised release to the condition of, "The defendant shall reside at the Community Corrections Center (i.e. Cordova Center) for a period of 120 days and shall abide by the rules and regulations of the Cordova Center. The defendant shall be eligible for work release and other releases if allowed by the rules of the Cordova Center and pre-approved by a U.S. Probation officer."

On October 6, 2006, the defendant reported to the Cordova Center to reside for 120 days.

On December 4, 2006, a search of the defendant's room was conducted by the staff at the Cordova Center based upon a phone call from his manager at his current employment, Sullivan's Steak House. The manager stated that an employee put in a complaint of personal property being stolen from the workplace, an item described as a pink IPOD with a personal message engraved on it along with a cell phone. The pink IPOD with the personal message engraved on it was found among the personal items of the defendant's during the room search. The defendant was discharged from the Cordova Center for failure to comply with the rules and regulations to include failure to pay on the required subsistence payments.

Executed this "4th day of December, 2006", at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**

Beth Mader
U.S. Probation Officer