PROB 12C
(7/93)

Case 3:04-cr-00079-RRB    Document 496 (Court only)    Filed 02/21/2007    Page 1 of 6

# United States District Court
## for the
## District of Alaska

Petition for Warrant or Summons for Offender Under Supervised Release

RECEIVED
FEB 21 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

| | |
|---|---|
| Name of Offender: Isaac Felder | Case Number: A04-0079-02-CR (RRB) |
| Sentencing Judicial Officer: | Ralph R. Beistline, U.S. District Court Judge |
| Date of Original Sentence: | May 27, 2005 |
| Original Offense: | Attempt to Possess With Intent to Distribute Cocaine |
| Original Sentence: | 10 months imprisonment, 3 years supervised release |
| Date Supervision Commenced: | June 6, 2005 |
| Asst. U.S. Attorney: Stephan Collins | Defense Attorney: Wonnell, T. |

## PETITIONING THE COURT

[X]  To issue a warrant
[ ]  To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Standard condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, expect as prescribed by the physician," in that, on or about January 1, 2007, January 2, 2007, January 3, 2007, January 4, 2007, and January 5, 2007, the offender used marijuana, a controlled substance and signed an admission to the use of marijuana. This violation is a Grade C violation. |
| 2 | The defendant has violated the Standard condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, expect as prescribed by the physician," in that, on or about January 23, 2007, the offender used marijuana, a controlled substance. This violation is a Grade C violation. |
| 3 | The defendant has violated the Standard condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change in residence or employment," in that, on or about January 9, 2007, the offender was provided permission to reside at his father's residence. On February 8, 2007, during a routine home visit, the defendant's father stated that the defendant has not been home for about a week and he was technically not living with him. This violation is a Grade C violation. |

Petition for Warrant or Summons
Name of Offender     :     *Isaac Felder*
Case Number          :     *A04-0079-02-CR (RRB)*

    4          The defendant has violated the Special Condition of Supervision 2, "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, the defendant shall participate in either or both inpatient or outpatient treatment programs approved by the United States Probation Office for substance abuse treatment, which program shall include testing to determine whether the defendant has reverted to the use of drugs or alcohol. At the direction of the probation officer, the defendant may be required to pay for all or a portion of any treatment program," in that on December 28, 2006, January 9, 2007, January 25, 2007 and February 7, 2007, the defendant failed to appear for scheduled drug testing. This violation is a Grade C violation.

U.S. Probation Officer Recommendation:

The term of supervised release should be:

        [X]    Revoked
        [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

Respectfully submitted,

**REDACTED SIGNATURE**

Beth A. Mader
U.S. Probation/Pretrial Services Officer
Date: February 20, 2007

Approved by:

**REDACTED SIGNATURE**

Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[✓]   *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

-2-

*Petition for Warrant or Summons*
*Name of Offender      :   Isaac Felder*
*Case Number           :   A04-0079-02-CR (RRB)*

[ ]   The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   Other:

**REDACTED SIGNATURE**
_____
Ralph R. Beistline
U.S. District Court Judge

2/20/07
_____
Date


**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio*, 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
### for the
## DISTRICT OF ALASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case Number: A04-0079-020-CR (RRB) |
| vs. | DECLARATION IN SUPPORT OF PETITION |
| Isaac Felder | |

I, Beth Mader, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Isaac Felder, and in that capacity declare as follows:

On May 27, 2005, the defendant was sentenced to 10 months imprisonment with 3 years supervised release. The defendant's term of supervision began on June 6, 2005.

On August 2, 2005, the defendant drove to the U.S. Probation Office for an office visit. The defendant had a strong odor of alcohol on his person, at which time the Anchorage Police Department (APD) was notified and through field sobriety tests performed on the defendant by APD, the defendant was found to be intoxicated and arrested for Driving Under the Influence.

On December 14, 2005, the defendant signed an admission form to the use of marijuana on December 11, 2005.

On January 10, 2006, the defendant completed a substance abuse assessment with Salvation Army Clitheroe Center and was recommended for intensive outpatient treatment.

January 17, 2006, the defendant plead no contest to Reckless Driving and was found guilty of this offense. The defendant was directed to pay $3000.00 with $1500.00 suspended with 90 days in jail with 87 days suspended.

On January 18, 2006, the defendant signed an admission form to the use of marijuana on January 15, 2006.

On January 18, 2006, a report on offender on supervised release alleging a violation of the mandatory condition of supervision, "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," alleging use of marijuana on December 11, 2005, and January 15, 2006. At this time, a recommendation was made by the probation office to allow the defendant to be able to continue with his treatment in accordance to the counselor's recommendations and no further action was requested at this time. The Honorable Judge Beistline, U.S. District Court Judge approved the officer's proposed action.

On January 27, 2006, February 14, 2006, and March 19, 2006, the defendant tested positive for the use of marijuana. The defendant also missed a number of substance abuse treatment appointments with Salvation Army Clitheroe Center.

On April 14, 2006, the defendant agreed to a modification of conditions or term of supervised release to the condition of, "The defendant shall participate in the home confinement program during non-working hours for a four month consecutive period commencing upon instruction of his probation officer, and shall abide by all the assigned components of the program, which will include electronic monitoring or other location verification system. The defendant shall pay for the cost of electronic monitoring or other location verification system."

On May 3, 2006, the defendant signed the home confinement program participation agreement along with the notice of financial responsibility form.

On September 14, 2006, due to prior violations along with the defendant having multiple infractions on his electronic monitoring conditions and being delinquent on his payment for the electronic monitoring program, the defendant agreed to a modification of conditions or term of supervised release to the condition of, "The defendant shall reside at the Community Corrections Center (i.e. Cordova Center) for a period of 120 days and shall abide by the rules and regulations of the Cordova Center. The defendant shall be eligible for work release and other releases if allowed by the rules of the Cordova Center and pre-approved by a U.S. Probation officer."

On October 6, 2006, the defendant reported to the Cordova Center to reside for 120 days.

On December 4, 2006, a search of the defendant's room was conducted by the staff at the Cordova Center based upon a phone call from his manager at his current employment, Sullivan's Steak House. The manager stated that an employee put in a complaint of personal property being stolen from the workplace, an item described as a pink IPOD with a personal message engraved on it along with a cell phone. The pink IPOD with the personal message engraved on it was found among the personal items of the defendant's during the room search. The defendant was discharged from the Cordova Center for failure to comply with the rules and regulations to include failure to pay on the required subsistence payments.

On December 18, 2006, the defendant appearing in Court for a revocation hearing and the defendant paid in full his required balance of electronic monitoring and his required balance on his special assessment. The government moved to dismiss the petition against the defendant and bail was exonerated. The defendant was to follow all conditions previously set in the original judgement.

On December 28, 2006, the defendant failed to appear for a scheduled drug test.

On January 9, 2007, the defendant failed to appear for a scheduled drug test.

On January 9, 2007, the defendant called USPO Mader and was put on speaker phone to speak with SUSPO Odegard at the same time. The defendant at that time was granted permission to

live at his father's residence. The defendant also admitted to using marijuana around Christmas and advised us that he missed his December 28, 2006 drug test due to his marijuana use. At this time, he was provided instruction on continuing to call in for his drug tests and to report when required to do so. SUSPO Odegard and USPO Mader addressed the defendant's drug use by offering him mental health treatment, the defendant agreed to come into the office this week to sign the modification to his conditions.

On January 23, 2007, the defendant reported to the office for a scheduled drug test and field tested positive for marijuana. USPO Liedike met with the defendant at which time the defendant signed an admission form to the use of marijuana during the week of January 1, 2007 through January 5, 2007.

On January 25, 2007, the defendant failed to appear for a scheduled drug test.

On February 7, 2007, the defendant failed to appear for a scheduled drug test.

On February 8, 2007, SUSPO Odegard and USPO Mader made contact with the offender's father at the last reported residence and the father stated that his son has not been home for about a week and that he is technically not living with him. The defendant's whereabouts are unknown at this time.

Executed this 20th day of February, 2007, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**
_____
Beth Mader
U.S. Probation Officer